IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
INDIANA HAMMOND DIVISION

| | |
|---|---|
| DIANE DANIIEL, )<br>   Plaintiff, )<br>          )<br>v.       )<br>          )<br>MUSLEH FITNESS, INC. d/b/a ANYTIME)<br>FITNESS, AMMR MUSLEH, individually )<br>and in his professional capacity, MUAYAD)<br>MUSLEH, individually and in his)<br>professional capacity, YASMIN MUSLEH,)<br>individually and in her professional capacity,)<br>MOE MUSLEH, individually and in his)<br>professional capacity, ATTA MUSLEH,)<br>individually and in his professional capacity)<br>and ANYTIME FITNESS FRANCHISOR,)<br>LLC.       )<br>          )<br>   Defendants.   ) | CAUSE NO. 2:23-cv-170<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY DEMAND** |

## COMPLAINT AND
## DEMAND FOR JURY TRIAL

Comes now Plaintiff, DIANE DANIEL, by and through her counsel, JAMES W. HORTSMAN LAW GROUP, LLC, for her Complaint against the Defendants, states as follows:

### Nature of the Case

1. The action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991.

2. All preconditions to jurisdiction under §706 of Title VII, 42 U.S.C. §2000(e)-5(f)(3) and 29 U.S.C. § 621, et seq., have been satisfied.

  a. Plaintiff filed a charge of employment discrimination on the basis of Sex and Retaliation with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged employment discrimination.

  b. The EEOC issued a "Notice of Rights to Sue" letter to plaintiff on February

20, 2023. A copy of the "Notice of Rights to Sue" is attached hereto as Exhibit A.

c. On or about February 20, 2023, Plaintiff received the above referenced "Notice of Rights to Sue." As such, this civil action is being initiated with ninety (90) days of Plaintiff's receipt of the EEOC Dismissal and Notice of Rights.

3. In addition, Plaintiff asserts claims for Negligent Retention, Negligent Supervision, Negligent Infliction of Emotional Harm, Intentional Infliction of Emotional Harm, and Unlawful Proposition under Indiana Common Law.

4. The United States District Court, Northern District of Indiana is the proper venue for this action pursuant to 28 U.S.C. §1391(b)(1) and (b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

**Parties**

5. At all times relevant to the allegations contained in this Complaint, Plaintiff, Diane Daniel (hereinafter, "Diane"), has resided in the State of Indiana and is a citizen of the United States.

6. At all times relevant hereto, Defendant, Musleh Fitness, Inc. (hereinafter, "Musleh Fitness") was and is an Indiana for-profit domestic corporation that operates no less than seven (7) Anytime Fitness franchises in Northwest Indiana and paid Diane's salary and provided employment benefits to Diane.

7. Musleh Fitness is owned on paper exclusively by Muayad Musleh (hereinafter "Muayad"); however, the business held out to the public to be family-owned including Muayad's four siblings Ammr Musleh (hereinafter "Ammr"), Yasmin Musleh (hereinafter "Yasmin"), Moe Musleh (hereinafter "Moe"), and Atta Musleh (hereinafter "Atta").

8. Defendant, Ammr was at all times relevant hereto (and currently is) serving as the "Owner/Operator" of various Musleh Fitness locations with direct supervision of personal

2

training/coaching employees including Diane.

9. Defendant, Muayad was at all times relevant hereto (and currently is) serving as the "Owner/Operator" of various Musleh Fitness locations with direct supervision of employees including Diane.

10. Defendant, Yasmin was at all times relevant hereto (and currently is) serving as the "Owner/Operator" of various Musleh Fitness locations with direct supervision of personal training/coaching employees including Diane.

11. Defendant, Moe was at all times relevant hereto (and currently is) serving as the "Owner/Operator" of various Musleh Fitness locations with direct supervision of personal training/coaching employees including Diane.

12. Defendant, Atta was at all times relevant hereto (and currently is) serving as the "Owner/Operator" of various Musleh Fitness locations with direct supervision of personal training/coaching employees including Diane.

13. Musleh Fitness is an employer within the meaning of Title VII of the Civil Rights Act of 1964 (hereinafter, "Title VII").

14. At all times relevant to the allegations in Plaintiff's Complaint, Plaintiff was seeking employment with Musleh Fitness at their location in Winfield, Indiana.

15. On information and belief at all times relevant to the allegations in Plaintiff's Complaint, Musleh Fitness employs more than fifteen (15) people but less than one hundred (100).

16. At all times relevant, Anytime Fitness Franchisor, LLC ("Franchisor") was and is a Minnesota limited liability company and is the Franchisor that retains certain control over Musleh Fitness as part of its franchise agreement including requiring with compliance with federal and state laws in employment practices, providing a manual of mandatory provisions for

3

the operation of the fitness center, providing training to the principal operator that is mandatory to attend, offering training including sexual harassment training and reviewing the business related to the personnel decisions.

### Statement of Facts Relevant to All Claims

17. Plaintiff, Diane Daniel, is a Caucasian female, who was a past employee of defendant Musleh Fitness and was denied rehire at new location.

18. Diane has the requisite knowledge, skill, and experience required to perform the position that she applied for and was hired by Musleh Fitness.

19. Musleh Fitness is an Indiana domestic for-profit corporation that operates as Anytime Fitness franchises with at least seven locations in Northwest Indiana

20. Muayad, Ammr, Yasmin, Atta, and Moe hold themselves out as the owners of Musleh Fitness and the various Anytime Fitness locations that they operate.

21. Muayad, Ammr, Yasmin, Atta, and Moe use their positions as owners to solicit and groom young and vulnerable female for their family.

22. As a Musleh Fitness employee, Diane reported directly to her supervisor Ammr until a mutual parting of employment in January 2021.

23. When Diane sought renewed employment with Musleh Fitness in August 2021, she contacted Ammr directly about employment.

24. On or about August 12, 2021, Diane and Ammr met to discuss employment at the Winfield location.

25. At the meeting, Ammr propositioned Diane for sex and/or sexual favors in exchange for giving her the job at Winfield.

26. In fact, Ammr instructed her that Eric White, Regional Manager over Winfield, would

4

contact her with her start date and complete her necessary paperwork.

27. Eric contacted Diane per Ammr's request with her start date September 13, 2021 and scheduling her to get her paperwork signed on September 1, 2021.

28. Diane resigned her position with another employer upon receiving her notice of hire and start date.

29. Between August 19-20, 2021, Ammr contacted Diane in an attempt to get her SnapChat handle because he was "trying to do something."

30. On or about August 22, 2021, Ammr sent a snapchat video of himself emphatically masturbating.

31. Diane attempted to turn down the advances by ignoring them and instead thanked Ammr for the job opportunity.

32. On August 31, 2021, Ammr called Diane to tell her Musleh Fitness was revoking the position due to "past issues."

33. Upon information and belief, Muayad, Ammr, Yasmin, Moe, and/or Atta contacted Diane's prior employer another Anytime Fitness to block her from returning to work there was well.

34. Ammr retaliated against Diane for rejecting his advances.

35. After the position was withdrawn by Ammr, Diane filed a complaint with Anytime Fitness Franchisor LLC (Franchisor) pursuant to her handbook including retention of investigations against Franchisees for violating federal laws.

36. Franchisor did not investigate the complaints of sexual harassment or retaliation of Diane.

37. Instead, Franchisor forwarded to the documents to the Musleh family including Muayad, Ammr, Yasmin, Atta, and Moe.

5

38. Under oath, Ammr admitted to shutting down the investigation with assistance from his family including Muayad, Yasmin, Atta, and Mo.

39. Franchisor took no further actions to review Musleh Fitness's conduct related to Diane.

40. After she had the job revoked, Ammr in continuing retaliation filed for a Protective Order against Diane in an attempt to intimidate and silence her from speaking out about his sexual proposition for a job.

41. Ammr stated that he pursued the Protective Order at the instruction of Muayad.

42. In further retaliation, Musleh Fitness contested Diane's unemployment filings.

43. Nicole Cianci appeared on behalf and testified for Musleh Fitness in the Unemployment hearing that Diane never filed a Claim for Sexual Harassment because Nicole would have been aware of any sexual harassment claims.

44. Nicole Cianci further represented in an affidavit sworn under the penalties of perjury to the Equal Employment Opportunity Commission that Diane "did not file a Sexual Harassment Complaint pursuant to the Anytime Fitness' Sexual Harassment Policy with Anytime Fitness."

45. Diane had filed a sexual harassment complaint with Anytime Fitness Franchisor and Ammr·Musleh acknowledged under oath that Musleh Fitness received the complaint prior to either of Nicole Cianci's sworn testimony.

46. Nicole Cianci lied under oath at both the Unemployment Hearing and during the EEOC investigation.

47. Franchisor failed to take prompt, appropriate corrective action for Diane or follow their Francise Agreement with Musleh Fitness.

48. Musleh Fitness failed to take prompt, appropriate corrective action for Diane.

49. Instead, Franchisor and Musleh Fitness in concert increased the harassment,

6

discrimination, and retaliation.

50. As a result of the actions (including inaction) of Franchisor, Musleh Fitness, Ammr, and Muayad, Plaintiff Diane Daniel has suffered lost back pay and benefits, front pay and benefits, lost future earnings, loss of reputation, loss of job opportunities, embarrassment, humiliation, inconvenience, mental and emotional anguish, emotional distress, loss of enjoyment of life, attorney fees and costs, and other damages.

51. All conditions precedent to this lawsuit have occurred or been performed, and Plaintiff has timely filed her complaint within 90 days of receipt of the notice of rights to sue.

## COUNT I- SEX DISCRIMINATION

52. Plaintiff incorporates paragraphs 1 through 52 of this complaint as if fully stated herein.

53. Defendants Franchisor and Musleh Fitness intentionally discriminated against Diane with the respects to her terms, conditions, and privileges of employment because of her sex, female, which is a violation of Title 42, United States Code, Sections 1981a, 2000e-2, 2000e-5, and related sections.

54. Defendants Franchisor and Musleh Fitness intentionally discriminated against Diane with the respects to her terms, conditions, and privileges of employment because of her sex, female, which is a violation of Indiana Code § 22-9-1, *et seq.*

WHEREFORE, the Plaintiff Diane Daniel demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, interest, injunctive relief, the costs of this action, including attorney fees, and all other just and proper relief.

## COUNT II- RETALIATION

55. Plaintiff incorporates paragraphs 1 through 54 of this complaint as if fully stated herein.

56. Defendants Franchisor and Musleh Fitness retaliated against Diane for complaining and

7

voicing opposition to the intentional discrimination with the respects to her terms, conditions, and privileges of employment because of her sex, female, which is a violation of Title 42, United States Code, Sections 1981a, 2000e-2, 2000e-5, and related sections.

WHEREFORE, the Plaintiff Diane Daniel demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, interest, injunctive relief, the costs of this action, including attorney fees, and all other just and proper relief.

## COUNT III

57. Plaintiff incorporates paragraphs 1 through 56 of this complaint as if fully stated herein.

58. Defendants Muayad, Yasmin, Moe, Atta and Ammr Musleh intentionally and/or recklessly inflicted severe and prolonged emotional distress upon Plaintiff.

59. Defendants conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was atrocious and was utterly intolerable.

60. That as result of the outrageous and egregious actions of Defendants, Plaintiff has suffered and continues to suffer physical, emotional, personal, psychological, familial distress and the loss of future and past earnings and employment benefits for which Plaintiff should be compensated.

WHEREFORE, the Plaintiff Diane Daniel demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, interest, injunctive relief, the costs of this action, including attorney fees, and all other just and proper relief.

## COUNT IV

61. Plaintiff incorporates paragraphs 1 through 60 of this complaint as if fully stated herein.

62. Defendants Muayad, Yasmin, Moe, Atta and Ammr Musleh's conduct was negligent in its actions toward Plaintiff and breached its duty of care owed to Plaintiff.

63. That as result of the outrageous and egregious actions of Defendants, Plaintiff has suffered and continues to suffer physical, emotional, personal, psychological, familial distress and the loss of future and past earnings and employment benefits for which Plaintiff should be compensated.

WHEREFORE, the Plaintiff Diane Daniel demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, interest, injunctive relief, the costs of this action, including attorney fees, and all other just and proper relief.

### COUNT V

64. Plaintiff incorporates paragraphs 1 through 63 of this complaint as if fully stated herein.

65. Defendants Ammr Musleh knowing and intentionally offered employment and payment to Diane in exchange for sexual intercourse in violation of I.C. 35-45-4-3.

66. That as result of the unlawful propositions of Ammr, Plaintiff has suffered and continues to suffer physical, emotional, personal, psychological, familial distress and the loss of future and past earnings and employment benefits for which Plaintiff should be compensated.

WHEREFORE, the Plaintiff Diane Daniel demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, interest, injunctive relief, the costs of this action, including attorney fees, and all other just and proper relief.

### COUNT VI

67. Plaintiff incorporates paragraphs 1 through 66 of this complaint as if fully stated herein.

68. Defendant Musleh Fitness's conduct was negligent in its actions of retention and supervision of Ammr with his actions to Plaintiff and breached its duty of care owed to Plaintiff.

69. That as result of the outrageous and egregious actions of Defendants, Plaintiff has suffered and continues to suffer physical, emotional, personal, psychological, familial distress and the loss of future and past earnings and employment benefits for which Plaintiff should be compensated.

WHEREFORE, the Plaintiff Diane Daniel demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, interest, injunctive relief, the costs of this action, including attorney fees, and all other just and proper relief.

Respectfully submitted,<br>
**JAMES W. HORTSMAN LAW GROUP, LLC**

By: _____

JAMES W. HORTSMAN #32269-45
Attorney for Plaintiff
James W. Hortsman Law Group, LLC

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, DIANE DANIEL, prays for :

a. Wages, employment benefits, and other compensation lost to her as a result of defendants' discrimination against her on the basis of her sex;

b. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to her as a result of defendants' discrimination against her on the basis of her sex;

c. Compensatory damages for the harm she suffered as a result of defendants' discrimination and illegal actions against her on the basis of her sex;

d. Exeplary damages;

e. Reasonable attorney's fees, expert witness fees, expense and costs of this action and of prior administrative actions;

f. Such other relief as this Court deems just and appropriate; and

g. For all other equitable and legal relief to which Plaintiff appears entitled.

Respectfully submitted,
**JAMES W. HORTSMAN LAW GROUP, LLC**

By: _____

JAMES W. HORTSMAN #32269-45
Attorney for Plaintiff
James W. Hortsman Law Group, LLC
128 S. East Street, #493
Crown Point, IN 46308
Telephone: (219) 200-4112
Email: jhortsman@hortsman.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues properly submissible to a jury.

Respectfully submitted,
**JAMES W. HORTSMAN LAW GROUP, LLC**

By: _____

JAMES W. HORTSMAN #32269-45
Attorney for Plaintiff
James W. Hortsman Law Group, LLC
128 S. East Street, #493
Crown Point, IN 46308
Telephone: (219) 200-4112
Email: jhortsman@hortsman.com

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Diane M. Daniel**
200 Misty Lane
Hebron, IN 46341

From: Indianapolis District Office
101 West Ohio St, Suite 1900
Indianapolis, IN 46204

**PLAINTIFF'S EXHIBIT A**

EEOC Charge No.
**470-2022-02820**

EEOC Representative
**ANDREA DAYHARSH,**
**Enforcement Supervisor**

Telephone No.
463-999-1127

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

***Equal Pay Act (EPA):*** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Michelle Eisele
02/20/2023
**Michelle Eisele**
**District Director**

Enclosures(s)

cc: **Muayad Musleh**
**Musleh Fitness / Anytime Fitness**
7954 E 108th Ave
Winfield, IN 46307

**Joseph L Curosh, Jr.**
**Curosh & Curosh**
1532 119TH ST
Whiting, IN 46394

**Joseph L Curosh**
**Curosh & Curosh**
1532 119TH ST
Whiting, IN 46394

**James W Hortsman**
128 S. East Street #493
Crown Point, IN 46308