UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DIANE DANIEL,                                    ) | |
|                                                            ) | |
|           Plaintiff,                                 ) | |
|                                                            ) | |
| vs.                                                     ) | 2:23CV170-PPS/JEM |
|                                                            ) | |
| MUSLEH FITNESS INC. d/b/a Anytime ) | |
| Fitness, AMMR MUSLEH, MUAYAD ) | |
| MUSLEH, YASMIN MUSLEH, MOE ) | |
| MUSLEH, ATTA MUSLEH, and         ) | |
| ANYTIME FITNESS FRANCHISOR LLC, ) | |
|                                                            ) | |
|           Defendants.                             ) | |

## OPINION AND ORDER

Diane Daniel has brought a sex discrimination case against her former employer, an Anytime Fitness franchisee that is a family business for the Musleh family. Musleh Fitness has at least 7 Anytime Fitness locations in northwest Indiana. Daniel had previously been employed by Musleh Fitness in one location but was denied rehire at a new location. Daniel alleges that defendant Ammr Musleh propositioned her for sexual favors in exchange for hiring her for the Winfield, Indiana location, and later sent her a video of himself masturbating. [DE 1 at ¶¶25, 30.] When Daniel rejected Ammr's advances, she didn't get the job with Musleh Fitness in Winfield, and Daniel contends that defendants contacted her previous employer to foul up her return to work there as well. [*Id*. at ¶¶32, 33.]

    The complaint alleges that defendant Anytime Fitness Franchisor is:

    a Minnesota limited liability company and…the Franchisor that retains
    certain control over Musleh Fitness as part of its franchise agreement

>including requiring with (*sic*) compliance with federal and state laws in employment practices, providing a manual of mandatory provisions for the operation of the fitness center, providing training to the principal operator that is mandatory to attend, offering training including sexual harassment training and reviewing the business related to the personnel decisions.

[*Id*. at ¶16.] Daniel alleges that she "filed a sexual harassment complaint with Anytime Fitness Franchisor and Ammr Musleh acknowledged under oath that Musleh Fitness received the complaint[.]" [DE 1 at ¶45.] Now before me is Anytime Fitness Franchisor's Motion to Partially Dismiss Plaintiff's Complaint for failure to exhaust administrative remedies. [DE 24.]

Franchisor argues that it should be dismissed from Daniel's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. This would include her claim for sex discrimination in Count I of her complaint, as well as the claim for retaliation in Count II. The motion does not address the viability of Daniel's claims against Franchisor on other theories, which include sex discrimination and sexual harassment under two different Indiana statutes, intentional or reckless infliction of emotional distress, negligence, and negligent retention and supervision of Ammr.

"Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Company*, 937 F.3d 990, 1004 (7th Cir. 2019). Daniel's complaint alleges that all "preconditions" to suit under Title VII have been satisfied, in that she timely filed a charge of discrimination on the basis of sex and retaliation with the EEOC, which issued

a "Notice of Rights to Sue," and Daniel timely filed her complaint within 90 days of receipt of the right to sue letter. [DE 1 at ¶2.]

Franchisor has provided a copy of Daniel's EEOC Charge of Discrimination. [DE 25-1.] On the fillable form, the charge identifies the employer as "Musleh Fitness, Inc. Anytime Fitness" at an address in Crown Point, Indiana, and refers to an attachment for additional employer-respondents. [*Id*. at 1.] The continuation page enumerates 8 additional employers under the heading "NAME OF EMPLOYER." [DE 25-1 at 10.] Seven of the 8 appear to be various Anytime Fitness locations in northwest Indiana, presumably owned or operated by Musleh Fitness. [*Id*.] The ninth listed "Employer" is "Anytime Fitness, LLC" at an address in Edina, Minnesota. [*Id*.]

Attached to the form is a separately drafted Charge of Discrimination formatted in the style of a court complaint, drafted by the same counsel who represents Daniel in this case. [DE 25-1 at 4*ff*.] The caption of that document shows "Musleh Fitness, Inc., *et al*." as respondents. [*Id*. at 4.] It contains no reference to Anytime Fitness Franchisor, LLC in particular, but the allegations refer to Daniel's filing a complaint "directly to Anytime Fitness Corporate," which performed no investigation but merely provided the complaint to Musleh Fitness. [*Id*. at ¶¶36, 37.]

The motion will be denied. Franchisor bases its motion on the erroneous assertion that its corporate offices were not named in Daniel's EEOC charge. The list of employers named on the continuation page of Daniel's form Charge of Discrimination lists "Anytime Fitness, LLC" with an address in Edina, Minnesota. [DE 25-1 at 10.] This

3

is clearly an effort to name the franchisor of Musleh Fitness's gyms in the EEOC charge. Besides pointing out this critical fact that is entirely overlooked in Franchisor's motion, Daniel also asserts in opposition that "Anytime Fitness Franchisor, LLC is the successor company to Anytime Fitness, LLC." [DE 28 at 3.] Daniel offers no evidence in support of this claim, but Franchisor's reply does not dispute it. Besides being wrong about the repondents named in Daniel's EEOC Charge, Franchisor offers no evidence that it did not receive notice of Daniel's charge, or that it was not given an opportunity to participate in conciliation proceedings at the administrative stage.

The Seventh Circuit has expressed disapproval of overly stringent application of the exhaustion requirement where a charge attempted but failed to identify a corporate employer with total accuracy. *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 399-401 (7th Cir. 2019) (collecting cases). As the movant under Fed.R.Civ.P. 12(b)(6), Franchisor bears the burden of proof, which it does not meet but instead attempts to shift to Daniel by arguing that there is "no evidence that the Franchisor received notice of the EEOC charge." [DE 32 at 3.] *See, e.g., Gunn v. Continental Casualty Company*, 968 F.3d 802, 806 (on a motion under 12(b)(6), "[i]t is the defendant's burden to establish the complaint's insufficiency"). As the Seventh Circuit has noted in a case relied on by Franchisor, requiring such proof from a plaintiff "would be inappropriate at the pleading stage." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). Instead, the Seventh Circuit has observed that a "slight difference between [an employer's] business name and the name [the employee] used in his EEOC charge should not have prevented the EEOC

4

from reaching the proper employer and pursuing possible conciliation." *Trujillo*, 926 F.3d at 401.

After Daniel points out that Anytime Fitness, LLC was named in her EEOC charge, Franchisor makes a new argument in its reply, namely that the street address for Anytime Fitness, LLC given in Daniel's charge was incorrect. This argument cannot carry the day for several reasons. First, arguments raised for the first time in a reply are too late to be considered, as the opponent has no opportunity to respond. *Cadeau v. O'Malley*, No. 23-1887, 2024 WL 260746, *1 (7th Cir. Jan. 24, 2024); *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). Second, Franchisor offers no proof to support its assertion that "this address has no connection to the Franchisor, but also Anytime Fitness, LLC." [DE 32 at 3.] Rather than offer admissible evidence, Franchisor suggests that judicial notice of a Google Maps search is conclusive on the matter. Franchisor refers to, but does not provide evidence of, the Google Maps result it relies on. [DE 32 at 3 n.3.]

Even assuming that I can take judicial notice of Google Maps results if proved, those results address geographic locations, and are not conclusive as to the entities that occupy particular addresses or their corporate relationships. To the contrary of Franchisor's unsupported claim, a search of the business registration records of the Minnesota Secretary of State reveals that the address used in Daniel's charge is the "Registered Office Address" of Anytime Fitness, LLC. *See* https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=800a54aa-b0d4-e011-a886-001ec94ffe7f (visited 3/5/2024). Finally, as Franchisor offers no evidence at all, it fails to

5

demonstrate that the typo in the street name ("Wilson" as opposed to "Willson") had any impact on the notice of the charge provided to the address Daniel furnished for Anytime Fitness, LLC.

## Conclusion

Defendant Anytime Fitness Franchisor, LLC does not demonstrate that plaintiff Diane Daniel failed to exhaust administrative remedies with respect to Franchisor as a precursor to her claims under Title VII. Franchisor's motion for partial dismissal must be denied.

**ACCORDINGLY:**

Defendant Anytime Fitness Franchisor, LLC's Motion to Partially Dismiss Plaintiff's Complaint [DE 24] is DENIED.

**SO ORDERED**.

ENTERED: March 7, 2024.

                                         /s/ Philip P. Simon
                                         UNITED STATES DISTRICT JUDGE